THE STATE, CELESTE H. CHASMER, PROSECUTOR, v. PAT-RICK CONVERY, CLERK OF THE COURT OF COMMON PLEAS OF MIDDLESEX COUNTY.

1. The notice of an application to have surveyors appointed to change a public road under the act of 1881 (*Rev. Sup.*, *p.* 877, ¿ 31), must state the residence of the judge before whom the application is to be made.
2. An application, under this act, to change one of two roads crossing a railroad so that the one as altered will be nearer to and within five hundred feet of the other, is in conflict with the act of 1881. *Rep. Sup.*, *p.* 874, ¿ 10.

---

On *certiorari*. Amended by the insertion of names of applicants for road, George W. Devoe et al., applicants.

Argued at February Term, 1891, before Justices KNAPP and REED.

For the prosecutrix, *Alan H. Strong.*

The opinion of the court was delivered by

REED, J. This writ brings up an application made to a judge of the Court of Common Pleas to appoint three surveyors of the highways to change the location of a public road, the order made thereon, and the return made by the surveyors.

The proceedings were intended to conform to the provisions of the act of 1880. *Rev. Sup., p.* 877, § 31.

The first reason assigned for the vacation of the proceedings is that the application did not name the township in which the portion of the road proposed to be altered was located.

It appears to be a fact that the township, within which the part of the road to be affected lies, does not appear in the application or notice.

This is a fatal defect. *Parkhurst* v. *Vanderveer,* 19 *Vroom* 80.

The second point of the attack is that the notice did not set forth the residence of the judge before whom the application was to be made. The statute requires that the notice shall state the name and residence of the judge. Why the residence of the officer, in addition to his name and the time and place where the application is to be made, should be stated, is not obvious. The statute is, however, explicit in its demand that such particularity shall be observed. It was not complied with in the present notice, and for that reason there was an absence of jurisdiction to make the order.

I also incline to the opinion that the application and return encounter the provisions of the act of 1881. *Rev. Sup., p.* 874, § 10. I think this proceeding involves the locating of a public road across the tracks of a railroad within a distance of five hundred feet of another public road crossing the said tracks. There exists another public road crossing the railroad tracks of the Camden and Amboy railroad within a short distance from the point where the road now sought to be altered crosses the same railroad. Whether the two public roads, as they have heretofore existed, are within the statutory distance at the point where they cross the railroad is not quite clear. But, if so, it appears that the new section applied for and laid is nearer to the other public road than the vacated section was. It is three hundred and eighty feet from the point where the new section would cross to the point where the other public road crosses.

In respect of the other irregularities in the return, which are alleged to exist, no opinion is expressed, inasmuch as all

the proceedings must be set aside for the reasons already expressed.

As a matter of practice, it may be remarked that the writ in this case is entitled as against the clerk of the Court of Common Pleas. This is irregular. It should be entitled against the applicants for the order.

The writ may be amended so as to conform to this practice. *State, Miller, pros.,* v. *Smith,* 4 *Vroom* 42; *Warford* v. *Smith,* 1 *Dutch.* 212; *State, Coar et al., pros.,* v. *Jersey City,* 6 *Vroom* 404.